UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MICHAEL HENRY ROBERTS,

Petitioner,

v.

WARDEN KAREN TAYLOR, et al.,

Respondents.

Civil Action
No. 19-16908 (RBK)

**MEMORANDUM OPINION & ORDER**

**ROBERT B. KUGLER, U.S.D.J.**

This matter comes before the Court by way of Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 and motion for judgment as a matter of law. On January 15, 2020, the post office returned mail sent to Petitioner on December 30, 2019, as undeliverable, in one of Petitioner's other cases, as Petitioner was released from the custody of the Camden County Department of Corrections. (Civ. No. 19-19108, ECF No. 5). Additionally, Respondent has filed a motion to dismiss this matter as moot, for lack of custody. (ECF No. 10). Petitioner has not contacted the Court in the intervening time to provide an updated address.

Local Civil Rule 10.1(a) requires unrepresented parties to notify the Court of any change in address within 7 days. The Rule further provides that failure to file such notice "may result in the imposition of sanctions by the Court." *Id.* Indeed, failure to apprise the Court of an address change may result in the outright dismissal of the case for failure to proceed, or an administrative termination of the action without prejudice. *See, e.g.*, *Allebach v. Cathell*, No. 06-5005, 2009 WL 2147145 (D.N.J. July 15, 2009); *Boretsky v. Corzine*, No. 08-2265, 2008 WL 2512916 (D.N.J. June 23, 2008).

As the Court does not have a current address for Petitioner, the matter cannot proceed at this time. The Court will therefore administratively terminate the proceedings and outstanding

motions, without prejudice to Petitioner's right to reinstate this action by notifying the Court and Respondent(s) of his new address within 30 days. Additionally, if Petitioner wishes to reinstate this matter, he must show cause as to why this case should proceed despite his release from custody. Failure to provide an updated address and comply with those instructions within 30 days of the date of this Order may result in dismissal of this matter for lack of prosecution.

THEREFORE, it is on this **22nd** day of January 2020,

**ORDERED** that the Clerk of the Court shall ADMINISTRATIVELY TERMINATE this matter for failure to comply with Local Civil Rule 10.1(a), without prejudice to reinstatement should Petitioner notify the Court of his changed address within thirty (30) days from entry of this Order and show cause as to why this case should proceed despite his release from custody; and it is further

**ORDERED** that Petitioner's motion for judgment (ECF No. 4), Respondent's motion for an extension (ECF No. 9) and motion to dismiss (ECF No. 10), are TERMINATED; and it is further

**ORDERED** that failure to comply with this Order may result in the matter being dismissed for lack of prosecution; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Memorandum Opinion and Order on Petitioner at his last known address by regular mail.

    **s/Robert B. Kugler**
ROBERT B. KUGLER
United States District Judge